IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J.O.,

    Plaintiff,

v.                                                                             Cause No._____

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS and DANNY ALDAZ,

    Defendants.

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Albuquerque Public Schools ("APS"), by and through counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Megan T. Muirhead, Jennifer G. Anderson, and Mia K. Lardy), and Defendant Danny Aldaz, by and through counsel Walsh Gallegos P.C. (Roxie P. De Santiago) hereby remove the above-captioned case from the Second Judicial District Court for the State of New Mexico, Bernalillo, to the United States District Court for the District of New Mexico. The District Court has original jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction). In support thereof, Defendants state as follows:

### Grounds for Removal – Federal Question and Supplemental Jurisdiction

1. On October 16, 2023, Plaintiff commenced this action against Defendants by filing a Complaint in the Second Judicial District Court, County of Bernalillo, New Mexico, Case Number D-202-CV-2023-08129 (the "State Action"). Defendant APS was served on October 18, 2023, and Defendant Aldaz on October 26, 2023.

2. True and correct copies of all pleadings and papers filed and served upon Defendants in the State Action are attached hereto as Exhibit A.

3. Under 28 U.S.C. § 1441, a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

4. One category of cases over which federal district courts have original jurisdiction is "federal question" cases, meaning those cases "arising under the Constitution, laws, or treaties of the United States." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331).

5. Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

6. Here, Plaintiff's Complaint alleges due process violations in violation of the Fourteenth Amendment and discrimination claims in violation of Title IX: Count I, Fourteenth Amendment Right to Bodily Integrity Against Defendant Aldaz Pursuant to Section 1983; Count II, Fourteenth Amendment Right to Bodily Integrity Against Defendant APS Pursuant to Section 1983; and Count III, discrimination on the basis of sex in violation of Title IX against Defendant APS. S*ee* Exhibit A, pp. 6-9, Pl.'s Compl., ¶¶ 36-67; *see Suaza v. Taos Living Center, LLC,* 2018 WL 4773405 (D.N.M. October 3, 2018) ("[A] plaintiff may raise a federal question claim when a right of action is implied from a statute, 'such as the right of private victims of discrimination to sue for violations of Title IX.'") *citing Cannon v. University of Chicago,* 441 U.S. 677, 688 (1979).

7. Because Plaintiff asserts claims arising under federal law, this Court has original jurisdiction under 28 U.S.C. § 1331. Defendant may remove this action pursuant to 28 U.S.C. § 1441(a) because it arises under federal law, presents a federal question, and is controlled by federal law.

8.      Plaintiff also alleges claims which appear to be asserted under New Mexico statutory law and common law, i.e., Count IV, negligent maintenance of the premises against Defendant APS in violation of the New Mexico Tort Claims Act; Count V, common law battery against Defendant Aldaz; Count VI, common law negligence per-se claim against Defendant Aldaz; and Count VII, common law intentional infliction of emotional distress against Defendant Aldaz. *See* Exhibit A, p. 10, Pl.'s Compl., ¶¶ 68-96. This Court has supplemental jurisdiction over any such state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's claims under New Mexico law are therefore properly removable under 28 U.S.C. § 1441(c).

9.      Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction under all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A federal court has supplemental jurisdiction over a state law claim where the relationship between the two claims "permits the conclusion that the entire action before the court comprises but one constitutional case." *Bonadeo v. Lujan*, No. CIV-08-0812 JB/ACT, 2009 WL 1324119, * 8 (D.N.M. Apr. 30, 2009) (Browning, J.); *quoting United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). "The state and federal claims must derive from a common nucleus of operative fact." *Id.* If a plaintiff's claims are so related that the court would normally expect to hear both claims in the same proceeding, then "there is power in federal courts to hear the whole." *Id.*

10.     Here, Plaintiff's allegations under federal and state law are inextricably intertwined because they arise from the same series of transactions or occurrences; namely, the alleged sexual harassment and assault against Plaintiff J.O. by Defendant Aldaz on an APS campus. *See, e.g.*, Exhibit A, Pl.'s Compl., ¶¶ 7-35. Plaintiff further claims that Defendant APS failed to adequately screen and supervise Defendant Aldaz. *Id.*, ¶¶ 48-49.

11. Because all of Plaintiff's claims arise from the alleged sexual harassment and assault, the federal and state claims "derive from a common nucleus of operative fact," and this Court may exercise supplemental jurisdiction over Plaintiff's state law claims.

12. No responsive pleadings to the Complaint have been filed in the State Action.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the District Court and division embracing the place where this action is pending.

**Timeliness of Removal**

14. The Complaint was served on Defendant APS on October 18, 2023, and on Defendant Aldaz on October 26, 2023.

15. This Notice is filed with the Court within thirty (30) days after the date of service of Plaintiff's Complaint. Accordingly, removal of this action is timely pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

**Consent of All Parties**

16. Consent of all defendants who have been served is required to properly effectuate removal. See 28 U.S.C. §1446(b)(2)(A) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action").

17. All the defendants who have been served to date have joined in the filing of this removal and, thus, consent to removal of this matter.

**Notices**

18. A copy of this Notice is being filed with the Clerk of the Second Judicial District Court, County of Bernalillo, New Mexico, and has been served on Plaintiff in accordance with 28 U.S.C. § 1446(d).

19. Pursuant to D.N.M.LR-Civ. 81.1, to the extent not already provided via this Notice, Defendants will file with the Clerk of the United States District Court for the District of New

Mexico legible copies of all records and proceedings from the State Action within twenty-eight (28) days after filing this Notice of Removal.

## Conclusion

20.     Defendants have satisfied all requirements for removal and reserve the right to amend this Notice of Removal. If any questions of the propriety of this removal should arise, Defendants request the opportunity to present a brief and argument in support of this removal.

WHEREFORE, Defendant Albuquerque Public Schools and Defendant Danny Aldaz respectfully request that this Court assume full jurisdiction over the action as provided by law.

Respectfully Submitted,

**MODRALL SPERLING ROEHL HARRIS & SISK, P.A.**

By:      */s/ Mia K. Lardy*
    Jennifer G. Anderson
    Megan T. Muirhead
    Mia K. Lardy
    500 Fourth Street NW, Suite 1000
    Albuquerque, NM 87102
    Tel: (505) 848-1800
    *jga@modrall.com*
    *mmuirhead@modrall.com*
    *mlardy@modrall.com*
*Attorneys for Defendant Albuquerque Public Schools*

and

**WALSH GALLEGOS, P.C.**

By:      */s/ Roxie P. De Santiago*
    Roxie P. De Santiago
    *Attorneys for Defendant Danny Aldaz*
    500 Marquette Ave. N.W., Suite 1310
    Albuquerque, NM 87102
    Tel: (505) 243-6864
    rdesantiago@wabsa.com

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of November 2023, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing and via email.

Carlos E. Sedillo
Faddoul, Cluff, Hardy & Conaway, P.C.
3301 San Marco Blvd NE
Albuquerque, NM 87110
Phone: 505-243-6045

And

Matthew J. Zamora
Valle, O'Cleireachain, Zamora & Harris
1805 Rio Grande Blvd. NW, Suite 2
Albuquerque, NM 87104
Telephone: 505-883-5613
*Attorneys for Plaintiff*


MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By:    */s/ Mia K. Lardy*
     Mia K. Lardy