IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J.O.,

        Plaintiff,

v.                                   1:23-cv-01021-KG-JMR

BOARD OF EDUCATION OF
ALBUQUERQUE PUBLIC SCHOOLS,
and DANNY ALDAZ,

        Defendants.

**ORDER DENYING DEFENDANT ALDAZ'S MOTION TO STAY OR, IN THE
ALTERNATIVE, MOTION TO SEAL DISCOVERY VIA CONFIDENTIALITY ORDER**

THIS MATTER comes before the Court on Defendant Aldaz's Motion to Stay or[,] In the Alternative, Motion to Seal Discovery via Confidentiality Order, filed on April 3, 2024. Doc. 34. Defendant Albuquerque Public Schools concurred in the motion to the extent that it relates to discovery to or from Mr. Aldaz. *Id*. at 8. Plaintiff J.O. filed a response in opposition, Doc. 37, and Mr. Aldaz filed a reply, Doc. 46. Having reviewed the briefing, the relevant law, and being otherwise fully advised, the Court will DENY the motion.

## I.    Background

J.O.'s complaint alleges that defendant Danny Aldaz repeatedly "physically, sexually, mentally, and emotionally" abused her during the 2012–13 school year while she was a student in his second-grade classroom at Helen Cordero Elementary School. Doc. 1-2 at 4–7. J.O. brings claims against Mr. Aldaz under 42 U.S.C. § 1983 (Count I), and three common law claims: battery (Count V), negligence per-se (Count VI), and intentional infliction of emotional distress (Count VII). Doc. 1-2 at 6–7, 13–14.

Mr. Aldaz was criminally charged with 37 counts in the Second Judicial District Court for the State of New Mexico for crimes against J.O. and other victims. *See State of New Mexico v. Danny Christopher Aldaz*, D-202-CR-2021-00818. Counts 1 through 9 involved crimes against J.O. (three first degree felony counts of sexual penetration of a child under 13 in violation of N.M. STAT. ANN. 30-9-11(D)(1); three second degree felony counts of criminal sexual contact with a child under 13 in violation of N.M. STAT. ANN. 30-9-13(B)(1); two third degree felony counts of criminal sexual contact with a minor under 13 in violation of N.M. STAT. ANN. 30-9-13(C)(1); and one felony count of bribery of a witness (threats) in violation of N.M. STAT. ANN. 30-24-3). *See id., Superseding Grand Jury Indictment*, March 3, 2022. On November 14, 2023—after a jury convicted Mr. Aldaz of Counts 27, 28, 29, and 30 involving another victim, M.L.,[1] and he was sentenced to fifty-seven years in prison—the District Attorney submitted a nolle prosequi as to the 32 remaining counts involving the other victims, including Counts 1 through 9 involving J.O. *See id., Nolle Prosequi as to Counts 1 Through 26 and 32 through 37 Only*. On November 20, 2023, Mr. Aldaz filed an appeal of his convictions related to M.L. *See id., Notice of Appeal*.

This Court currently has two other pending civil cases against Mr. Aldaz—brought by former students A.B. and L.G., and represented by the same attorneys as J.O. *See Inman, et al. v. Board of Education of Albuquerque Public Schools, et al.*, 24cv147 MLG-JFR (A.B.) and *Inman, et al. v. Board of Education of Albuquerque Public Schools, et al.*, 24cv148 DHU-JFR (L.G.). Both A.B. and L.G. allege Mr. Aldaz abused them during the 2014–15 school year while they were students in his second-grade classroom at Valle Vista Elementary School. *See* 24cv147 MLG-JFR Doc. 1-1 at 5; 24cv148 DHU-JFR Doc. 1-1 at 9.

---

[1] Mr. Aldaz was found not guilty of Count 31, a fifth count involving M.L.

2

## II.     The Court denies Mr. Aldaz's Request for a Stay of Discovery.

Whether to grant a stay of discovery in a civil case when there are criminal proceedings pending against a party is a matter of discretion for the Court.  *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003).  "When applying for a stay, a party must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party."  *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations and quotations omitted).  "The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights."  *Id.*  Further, "a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."  *Id.*

The determination of whether to grant a stay of discovery "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citations omitted).  In order to maintain this balance, courts have utilized a six-factor test to account for the competing interests of the parties.[2]  *See Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010) (collecting cases).  These factors are as follows:  "(1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the case, including whether defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest."  *Id.*  The Court will address these factors in turn.

---

[2] The parties agree that this six-factor test is the applicable standard.  *See* Doc. 34 at 4–5; Doc. 37 at 6.

3

### 1.   **The Extent of Overlap**

The first factor courts weigh in determining the propriety of entering a stay is "the extent to which the issues in the criminal case overlap with those in the civil case." *Hilda M.*, 2010 WL 5313755, at *3.

Mr. Aldaz argues that this civil case and the criminal case against Mr. Aldaz "have significant overlap" because the civil and criminal cases allege similar if not identical harmful actions, during the same time period.  Doc. 34 at 5.  J.O. points out that the criminal counts involving her were dismissed.  Doc. 37 at 7.  J.O. argues that the "[t]he only present parallel proceeding . . . which the Court should review for overlapping issues is Defendant Aldaz's criminal appeal."  Doc. 37 at 6–7.  This appeal involves Mr. Aldaz's convictions for criminal charges involving another minor, M.L.  *Id.* at 7.  Because the criminal charges on appeal do not involve her, J.O. asserts that there is no overlap between the civil and criminal matters.  *Id.*  The Court agrees with J.O. that there is no overlap between the civil matter and any active criminal matter.

The district attorney dismissed the criminal charges against Mr. Aldaz involving J.O. by filing a nolle prosequi.  "[A] nolle prosequi is as final as any other dismissal with or without prejudice."  *State v. Ware,* 1993-NMCA-041, ¶ 9, 115 N.M. 339, 341, 850 P.2d 1042, 1044.  An indictment filed before a nolle prosequi is void.  *Id.* at ¶ 10.  Because a criminal prosecution can only begin by filing an information, indictment, or complaint . . . once an indictment is deemed void, a new case against a suspect may only begin with the refiling of charges."  *Id*.

Mr. Aldaz points to nothing that would indicate that criminal charges related to J.O. will be refiled or that there is an active criminal investigation related to J.O.[3]  The fact that the criminal charges against Mr. Aldaz related to J.O. have been dismissed supports a finding that the civil case does not overlap with a pending criminal matter.  *See, e.g.*, *Orbit Irrigation Prod., Inc. v. Sunhills Int'l, LLC,* No. 1:10-CV-00113-RJS, 2012 WL 5477121, at *2 (D. Utah Nov. 2, 2012) (finding no overlap between civil and criminal matters where criminal charges against defendant had already been dismissed).

Finally, Mr. Aldaz argues that J.O.'s civil case should be stayed because it is possible that criminal charges related to A.B. and L.G. will be filed against him and these individuals have "confirmed they are working with law enforcement."  Doc. 34 at 5.  Mr. Aldaz, however, cites no case law to support his assertion that proceedings involving A.B. and L.G. should weigh into the six-factor analysis for determining a stay in this case.[4]  Any concerns Mr. Aldaz has about civil discovery from J.O.'s case being used in A.B.'s and L.G.'s cases are more appropriately addressed through a protective order.  *See* Section III, *infra*.

This factor weighs against granting the stay.

### 2.  Status of the Case

The second factor courts weigh in determining the propriety of entering a stay is the status of the criminal case, including whether a defendant has been indicted.  *Hilda M.*, 2010 WL

---

[3] The Court recognizes that J.O.'s civil case has significant overlap with the criminal counts related to J.O. (Counts 1 through 9), which were filed and subsequently dismissed.

[4] Mr. Aldaz argues that A.B.'s and L.G.'s civil cases cover the same types of allegations, and the same school as J.O.'s case.  Doc. 34 at 5.  The Court notes that, while the allegations may be similar,  A.B. and L.G. did not allege abuse at the "same school" as J.O. (A.B. and L.G. allege abuse at Valle Vista Elementary School and J.O. alleges abuse at Helen Cordero Elementary School), nor do they allege abuse in the same school year as J.O. (A.B. and L.G. allege abuse during 2014-15 school year and J.O. alleges abuse during the 2012-13 school year).

5313755, at *3.  "Courts have generally declined to impose a stay in the civil proceedings where a defendant is under criminal investigation, but has not yet been indicted." *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1237 (citations omitted). "[T]he law does not require postponement of civil discovery until fear of criminal prosecution is gone." *Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985).

There are no criminal charges currently related to J.O. pending against Mr. Aldaz.  As discussed above, a grand jury originally charged Mr. Aldaz with nine separate felony counts related to J.O. The district attorney, however, subsequently dismissed the charges involving J.O. by filing a nolle prosequi.  Finally, the other bases Mr. Aldaz provides for granting a stay in this case are without merit.  Mr. Aldaz argues that J.O.'s civil case should be stayed due to his pending criminal appeal related to M.L. and the possibility of criminal charges being filed against him related to A.B. and L.G.  Doc. 34 at 6.  However, Mr. Aldaz's criminal appeal does not involve J.O.  And the Court declines to find that possible criminal investigations unrelated to J.O. are grounds for staying her civil case.

This factor weighs against granting the stay.

### 3.  Interests of the Plaintiff Weighed Against Prejudice of the Delay

The third factor courts weigh in determining the propriety of entering a stay is "the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay." *Hilda M.*, 2010 WL 5313755, at *3.  "Plaintiffs have a substantial interest in the expedient resolution of their cases." *Yazzie v. Fezatte*, No. 16-CV-00472 JAP/KS, 2019 WL 1865204, at *5 (D.N.M. Apr. 25, 2019).  Indeed, the Federal Rules of Civil Procedure themselves "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R.

6

CIV. P. 1.  Mr. Aldaz concedes that J.O. "has an interest in the expedient resolution of this case." Doc. 34 at 6.  Despite this concession, Mr. Aldaz argues that J.O. will not be prejudiced by the delay, and that this factor is therefore neutral.  *Id.*  J.O., on the other hand, asserts that she will be prejudiced by the delay of her civil case.  She points out that the sexual abuse at issue in her case happened ten years ago, and argues that delaying her civil case further "poses a threat that witnesses will become unavailable, memories of conversations and dates will fade, and documents will be lost and destroyed."  Doc. 37 at 10 (citation and quotation omitted).  The Court agrees with J.O.

In considering the prejudice to a plaintiff from delay, courts often consider the potential length of delay if the stay is granted.  *See, e.g., Hilda M.*, 2010 WL 5313755, at *4 ("the potential harm to civil litigants arising from delaying them is reduced [by] the promise of a fairly quick resolution of the criminal case"); *Flynn v. City of Las Cruces*, No. 15cv195 KG-WPL, 2015 WL 13643322, at *2 (D.N.M. Nov. 9, 2015) (finding less prejudice to plaintiff because the criminal trial was scheduled to begin the following month).  Here, the criminal case involving J.O. has been dismissed by filing a nolle prosequi.  The criminal case involving J.O. may or may not be refiled, limited only by the governing statutes of limitation.  *See* N.M. STAT. ANN. §§ 30-1-8 (eff. July 1, 2009), 30-1-9.1.  In filing this motion, Mr. Aldaz is essentially asking for an indefinite stay to see if any criminal charges will be filed against him.

The Court finds that granting a stay of indefinite duration would prejudice J.O. and that this factor weighs heavily against doing so.

### 4. Interests of and Burden on Defendant

The fourth factor courts weigh in determining the propriety of entering a stay is "the private interests of and burden on the defendants." *Hilda M.*, 2010 WL 5313755, at *3. Mr. Aldaz asserts three potential harms if this case is not stayed:

> (1) he could suffer from an adverse inference if he chose to invoke the Fifth Amendment right in the civil case,
> (2) he would be otherwise unable to fully defend himself in the civil case, and/or,
> (3) his criminal defense strategy could be exposed or compromised, including the pending appeal and any additional criminal case involving A.B. and/or L.G.

Doc. 34 at 7.

A litigant in a civil action may unquestionably assert a Fifth Amendment privilege and refuse to reveal information properly subject to that privilege. *Mid–America's Process Serv.*, 767 F.2d at 686; *see also United States v. Kordel,* 397 U.S. 1, 7–8, 90 (1970). However, a litigant asserting the privilege may have to accept certain negative consequences that flow from that action. *Baxter v. Palmigiano,* 425 U.S. 308, 318 (1976). In particular, adverse inferences may be drawn against a party who refuses to testify in response to probative evidence offered against them. *Mitchell v. United States,* 526 U.S. 314, 328 (1999). The Court thus agrees with Mr. Aldaz that he could suffer from an adverse inference if he invokes his Fifth Amendment privilege in this case. This, in turn, could affect his ability to fully defend himself in this civil case. However, the Court does not find that discovery in this case is likely to affect his criminal

defense strategy in his pending criminal appeal, particularly because his appeal involves a different victim and is limited by the record on appeal in that matter.[5]

Given the potential adverse inference, this factor weighs in favor of granting the stay.

### 5.   Interests of the Court

The fifth factor courts weigh in determining the propriety of entering a stay is the Court's own interest. *Hilda M.*, 2010 WL 5313755, at *3. "The Court has a strong interest in keeping litigation moving to conclusion without unnecessary delay." *In re CFS*, 256 F. Supp. 2d at 1241. "[J]udicial efficiency normally does not favor granting a stay, because "the court has an interest in clearing its docket. Staying a civil case until the resolution of a criminal case is inconvenient for the court, especially where . . . there is no date set for the criminal trial." *Fed. Trade Comm'n v. Adept Mgmt., Inc.*, No. 1:16-CV-00720-CL, 2017 WL 722586, at *4 (D. Or. Feb. 23, 2017). The Court agrees that "it is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run for all crimes conceivably committed by [the defendant]." *Citibank, N.A. v. Hakim*, No. 92 CIV. 6233 (MBM), 1993 WL 481335, at *2 (S.D.N.Y. Nov. 18, 1993).

This factor weighs against granting the stay.

### 6.   Public Interest

The sixth and final factor is the public's interest. *Hilda M.*, 2010 WL 5313755, at *3. The Court finds that the public's only interest in this case is a general interest in both an efficient and a just resolution. This factor is neutral in light of those goals.

---

[5] Mr. Aldaz does not explain how civil discovery in this case will expose his criminal defense strategy in a possible criminal case involving A.B. and/or L.G. In addition, any concerns Mr. Aldaz has about civil discovery from J.O.'s case being used in A.B.'s and L.G.'s cases are more appropriately addressed through a protective order.

In sum, having considered all of the factors and the equities at issue, the Court finds that Mr. Aldaz's motion to stay should be denied.  Four of the six factors weigh against granting the stay and, of these, the potential prejudice to J.O. weighs heavily against granting the motion. The Court recognizes, though, that Mr. Aldaz may suffer prejudice from invoking his Fifth Amendment privilege.  In addition, as Mr. Aldaz urges the Court, the Court has considered "the unique circumstances of this particular case."  Doc. 46 at 2.  The Court does not agree with Mr. Aldaz, however, that evaluating this case using the six-factor test "elevate[s] form over substance."  *Id*.  The Court has considered the factors and the unique circumstances of this case and concludes that, on balance, the equities in this case do not favor staying discovery pending yet-to-be filed criminal charges.  This is particularly so in light of the fact that criminal charges involving J.O. were filed against Mr. Aldaz and, after four convictions on other felony counts, the district attorney affirmatively chose to dismiss those charges.  In any case, Mr. Aldaz "has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."  *Creative Consumer*, 563 F.3d at 1080 (citations and quotations omitted).

III.    **The Court denies Mr. Aldaz's Request for a Protective Order.**

Mr. Aldaz states that prior to filing this motion he attempted to negotiate a confidentiality order with J.O. "that included a prohibition of sharing information with law enforcement which would extend over this case and the A.B. and L.G. cases."  Doc. 34 at 2.  A.B. and L.G., through counsel, refused to agree to this broad confidentiality order and advised Mr. Aldaz that they were already working with law enforcement, who was investigating their allegations for possible criminal prosecution.  *Id*.  J.O. advises that she is "not fundamentally opposed to a confidentiality order" but that she does oppose "a sweeping and overly broad confidentiality

10

order that prohibits and silences victims of sexual abuse from seeking justice for the criminal

conduct" of Mr. Aldaz.  Doc. 37 at 3.  In his reply, Mr. Aldaz asks for a "seal of all discovery."

Doc. 46 at 1.

The Court denies Mr. Aldaz's motion for a protective order that would seal "all

discovery."  The Court finds this request to be overly broad.  In addition, the Court declines to

enter a protective order in this case governing discovery in either A.B.'s or L.G.'s case.  The

scope of any protective order in A.B's and L.G.'s cases will be decided by the judges assigned in

those cases.

Finally, the Court notes that Mr. Aldaz's motion does not comply with this Court's

guidelines for opposed protective orders.  *See Guidelines for Proposed Protective Orders*,

available at https://www.nmd.uscourts.gov/content/judge-jennifer-m-rozzoni.  Pursuant to these

guidelines, if the parties disagree about the scope or form of a protective order,

> the party or parties seeking such an order should file an opposed motion for
> protective order with the proposed protective order attached as an exhibit to the
> motion. Where there is an objection to the scope or form of a proposed order, the
> party or parties opposing the motion shall, in their written response to the motion,
> provide the Court with proposed language that would resolve their specific
> objections to the order's scope or form.

*Id.*  Importantly, a "protective order must be narrowly tailored and specific.  It should

include a clear and precise description of the categories of documents, information, items, or

materials . . . that are subject to the protective order."  *Id.* at 2.  The parties are directed to meet

and confer about a more narrowly tailored protective order no later than seven (7) days from the

date of this order.  If the parties are unable to agree on the terms of an appropriate protective

order, they may file an opposed motion for protective order that complies with my guidelines.

11

IV.   **Conclusion**

For the reasons discussed above, the Court DENIES Defendant Aldaz's Motion to Stay or[,] in the Alternative, Motion to Seal Discovery via Confidentiality Order (Doc. 34).  The parties shall meet and confer about a more narrowly tailored protective order no later than seven (7) days from the date of this decision.  If the parties are unable to agree on the form of **a** protective order, they shall file an opposed motion no later than fourteen (14) days from the date of this order.

JENNIFER M. ROZZONI
United States Magistrate Judge