IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J.O.,

      Plaintiff,

v.                                                          1:23-cv-01021-KG-JMR

BOARD OF EDUCATION OF
ALBUQUERQUE PUBLIC SCHOOLS,
and DANNY ALDAZ,

      Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Defendant Board of Education of Albuquerque Public Schools ("APS"), filed on November 22, 2024. Doc. 91. APS filed a response (Doc. 93), and Plaintiff J.O. filed a reply (Doc. 94). Having reviewed the briefing, the relevant law, and being otherwise fully advised, the Court will GRANT the motion IN PART.

This motion involves J.O.'s Interrogatory 18:

> Please state whether any other incidents or suspicions of alleged inappropriate behavior with students were ever reported to Defendant APS or any other agency, entity, or person concerning Danny Aldaz. If so, please provide the names of the individuals involved, dates, accusations made, the outcome of such incident(s) reported or investigation of each incident.

Doc. 91-2 at 3. On April 9, 2024, J.O. filed her first motion to compel related to Interrogatory 18. Doc. 35 at 6–9. After an August 13, 2024 hearing (Doc. 71), the Court overruled APS's objections to Interrogatory 18 and ordered APS to answer the interrogatory "for the full period of Mr. Aldaz's employment with APS." Doc. 72 at 3.

On September 3, 2024, APS provided a supplemental answer to Interrogatory 18, stating in relevant part:

> APS is also aware of the alleged conduct investigated by the APS Police Department in 2020, as reflected in the Administrative Investigation, bates labeled as CONFIDENTIAL APS 001022–001091.

Doc. 91-2 at 5–6.  APS also provided J.O. with the Administrative Investigation (APS 001022–001091), but APS redacted student names and other personally identifying information from the documents.

In the instant motion, J.O. asks the Court to compel APS to produce an unredacted copy of the Administrative Investigation produced in response to Interrogatory 18 (APS 001022–001091).  Doc. 91 at 3.[1]  APS argues that it redacted the supplemental documents to comply with the Family Educational Rights and Privacy Act of 1974 ("FERPA").  Doc. 93 at 2–4.  APS argues that J.O. is not entitled to unredacted documents because she fails to show that an exception to FERPA applies or, alternatively, fails to show that her need for the documents outweighs the students' privacy interests.  *Id*. at 2–5.  For the reasons explained below, the Court finds that the bulk of the documents at issue (APS 001022–001074 and APS 001082) are not subject to FERPA.  For the limited number of documents that are protected by FERPA (APS 001075–1081 and APS 1083–1091), the Court finds that J.O. has demonstrated a need for the information that outweighs the privacy interests of the students.  The Court therefore will order APS to produce unredacted copies of all of the documents at issue.

---

[1] In her motion, J.O. also asked the Court to compel APS to provide the name of the student who reported Defendant Aldaz's inappropriate conduct that APS referenced in another portion of its supplemental answer to Interrogatory 18.  Doc. 91 at 3.  After the motion was filed, the parties resolved this dispute by agreeing that APS will provide the initials for this student.  *See* Doc. 93 at 5; Doc. 94 at 4.  The Court therefore finds this portion of the motion moot.

**I.  The administrative investigation interviews related to Mr. Aldaz are not "education records" subject to FERPA.**

The majority of the documents at issue in the motion to compel are not "education records" and these documents are therefore not subject to FERPA.  *See* 20 U.S.C. § 1232g.

FERPA protects the privacy of students' "education records" by limiting the ability of educational institutions to release information contained in these records without first obtaining consent from the parent or student.[2]  *Id.*; 34 C.F.R. Part 99.  Federal funding may be withheld from an educational institution that "has a policy or practice of permitting the release of education records (or personally identifiable information contained therein . . .) of students without the written consent of their parents . . . ."  20 U.S.C. § 1232g(b)(1).  "[E]ducation records" are "those records, files, documents, and other materials which—(i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution."  20 U.S.C. § 1232g(a)(4)(A).

Under FERPA, the term "education records" does not include "records made and maintained in the normal course of business which relate exclusively to" an employee "in that person's capacity as an employee [that] are not available for use for any other purpose."  20 U.S.C. § 1232g(a)(4)(B)(iii).[3]

---

[2] "[W]henever a student has attained eighteen years of age, or is attending an institution of postsecondary education, the permission or consent required of and the rights accorded to the parents of the student shall thereafter only be required of and accorded to the student."  20 U.S.C. § 1232g(d).

[3] Under FERPA, the term "education records" also does not include "records maintained by a law enforcement unit of the educational agency or institution that were created by that law enforcement unit for the purpose of law enforcement."  20 U.S.C. § 1232g(a)(4)(B)(ii).  J.O. does not argue that this provision of FERPA applies.  The Court therefore does not analyze the applicability of this provision.

Essentially, FERPA protects the disclosure of student records, not teacher records. *Klein Indep. Sch. Dist. v. Mattox*, 830 F.2d 576, 579 (5th Cir. 1987). Information about students is sometimes contained in teacher records, but the mere presence of student information in teacher records does render those records subject to FERPA.

> [C]ourts have held FERPA does not prevent the disclosure of records specifying reasons for teacher certificate revocations or the names of the victim and witnesses to an alleged incident of sexual harassment by a teacher. *Brouillet v. Cowles Pub. Co.,* 114 Wash. 2d 788, 791 P.2d 526, 533 (1990); *Board of Educ. of Colonial School Dist. v. Colonial Educ. Ass'n,* 1996 WL 104231, at *5–6 (Del. Ch. 1996). Courts have similarly held that student witness statements are not governed by FERPA. *Staub v. East Greenbush School Dist. No. 1,* 128 Misc.2d 935, 491 N.Y.S.2d 87, 88 (1985).

*Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1022 (N.D. Ohio 2004). In *Ellis*, the court held that student victim and witness statements related to alleged physical altercations by substitute teachers were not covered by FERPA. *Id*. The court reasoned that these records did not fall under FERPA because, "[w]hile these records clearly involve students as alleged victims and witnesses, the records themselves are directly related to the activities and behaviors of the teachers themselves." *Id.* at 1023.

Consistent with *Ellis*, other federal courts have concluded that student statements made during investigations of teachers and school staff are not protected by FERPA. In *Wallace v. Cranbrook Educ. Cmty.*, No. 05–73446, 2006 WL 2796135, at *1 (E.D. Mich. Sept. 27, 2006), a former school maintenance worker brought suit for unlawful termination after being terminated based "in primary part on anonymous statements given by students" alleging the worker behaved sexually towards students. During discovery, the defendant provided the plaintiff with copies of the students' statements with the students' names and addresses redacted. *Id*. The court granted a motion to compel disclosure of the students' names, rejecting an argument that FERPA

4

prohibited such disclosure. *Id.* at *4–5. The court held that the investigatory notes and student statements did not constitute education records because they did not relate directly to the students. Instead, the court reasoned that these records related to teachers and staff, and therefore were not protected by FERPA. *Id.* Similarly, in *Briggs v. Bd. of Trustees Columbus State Cmty. Coll.*, No. 08–644, 2009 WL 2047899, at *5 (S.D. Ohio July 8, 2009), a case where plaintiff alleged sexual harassment by a professor, the court ordered defendant to produce all past student complaints of sexual harassment lodged against the same professor. The *Briggs* court held that the student complaints were not "education records" subject to protection under FERPA because the records related "directly to school employees and only indirectly to students." *Id.*

In the instant case, the Court similarly concludes that the investigatory notes and student statements related to Mr. Aldaz are not "education records" that are subject to FERPA. "While these records clearly involve students as alleged victims and witnesses, the records themselves are directly related to the activities and behaviors of the teachers themselves." *Ellis*, 309 F. Supp. 2d at 1023. APS argues that the Mr. Aldaz's misconduct investigation (APS 001022–001091) is covered by FERPA because the misconduct investigation contains "personally identifying information" about students. Doc. 93 at 3. FERPA, however, only protects "education records (or personally identifiable information **contained therein** . . .)." 20 U.S.C. § 1232g(b)(1) (emphasis added). The Court agrees with J.O. that the mere presence of personally identifying information in a document does not "transform[] a teacher's misconduct file into a student record protected by FERPA." Doc. 94 at 2. Having reviewed the misconduct investigation (APS 001022–001091), the Court finds that the bulk of the records are an investigation into a teacher, Mr. Aldaz, rather than "education records" related to a particular student. *See* APS 001022–001074 and APS 001082. Consistent with *Ellis, Wallace,* and *Briggs*,

5

the Court concludes that these records are not subject to FERPA because they are employee records. *See* 20 U.S.C. § 1232g(a)(4)(B)(iii). The Court orders defendant APS to produce unredacted copies of the following: APS 001022–001074.[4]

## II.   The Court finds that some documents at issue are protected by FERPA but will order APS to produce unredacted versions of the documents.

The Court finds that other documents contained in the investigative file—documents labeled as "Student Profile[s]"— are education records that are subject to FERPA. The Student Profiles are the APS files about each student, containing general information about each student, as well as custodial information, emergency contact information, and demographic information. APS 001075–1081 and 1083–1091. The Court concludes that the APS Student Profiles found at APS 001075–1081 and 1083–1091 are education records subject to FERPA because they "contain information directly related to a student" and are maintained by APS. *See* 20 U.S.C. § 1232g(a)(4)(A).

However, the fact that these documents are covered by FERPA is not alone determinative of whether the unredacted documents are discoverable. FERPA does not absolutely prohibit the disclosure of educational records; instead, it imposes a financial penalty for the unauthorized disclosure of educational records. *Ellis*, 309 F. Supp. 2d at 1023 (citations omitted). "Thus, while FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure." *Id.* (citing *Rios v. Read*, 73 F.R.D. 589, 598 (E.D.N.Y. 1977)). Although FERPA does not create an evidentiary privilege that bars disclosure of education records, some courts have concluded that the underlying privacy

---

[4] APS 001082 does not contain any redactions.

concerns create a higher burden on a party seeking access to education records. *Ellis,* 309 F. Supp. 2d at 1022 (citing *Rios*, 73 F.R.D. at 598). "[T]he party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interest of the students." *Rios*, 73 F.R.D. at 599.

J.O. argues that the redacted information reveals the identities of potential witnesses and/or victims of abuse by Defendant Aldaz, and that this information is necessary for her to prove her claims. Doc. 91 at 6. The Court agrees that this discovery is relevant and necessary for J.O.'s claims. The Court also finds that J.O.'s need for the information outweighs the privacy interest of the students. *See Rios*, 73 F.R.D. at 599. The Court recognizes that the students whose profiles it orders disclosed have a privacy interest in their educational records and the personally identifiable information contained therein. However, the Court finds that this privacy interest is adequately protected by the Protective Order entered in this case. Doc. 74 at 1–2 (deeming all records governed by FERPA confidential and limiting the use of these documents beyond this litigation).

The Court hereby orders APS to provide J.O. with unredacted copies of the Student Profiles found at APS 001075–1081 and 1083–1091. Because the Court orders production of these documents, parental consent to the disclosure is not required under FERPA. *See* 20 U.S.C. § 1232g(b)(2)(B). However, APS must notify the parents or students of the order in advance of the ordered disclosure. *Id.*

### III.    Conclusion

For the reasons discussed above, the Court GRANTS IN PART Plaintiff's Motion to Compel Defendant Board of Education of Albuquerque Public Schools (Doc. 91). *See supra* note 1, at 1 (finding portions of the motion moot). APS is ordered to produce unredacted copies

of all documents attached to Plaintiff's motion (APS 001022–001091).  The bulk of these documents (APS 001022–001074 and APS 001082) are not subject to FERPA.  The Court orders APS to produce unredacted copies of these documents **within fourteen days** of the date of this order.  The remainder of these documents (APS 001075–1081 and APS 1083–1091) are subject to FERPA.  However, J.O.'s need for the documents outweighs the students' privacy interests.  The Court recognizes that APS must make "a reasonable effort to notify the parent or eligible student of the order . . . in advance of compliance" with the Court's order to produce unredacted copies of these documents.  34 C.F.R. § 99.31(9)(i)(ii).  APS is therefore ordered to notify the parent or eligible student of this order **within fourteen days** of this order, and to produce unredacted copies of the documents (APS 001075–1081 and APS 1083–1091) **within thirty-five days** of the date of this order.

       The Court finds an award of attorney's fees in connection with this motion is not merited.  *See* FED. R. CIV. P. 37(a)(5)(A)(iii).

_Jennifer M. Rozzoni_
JENNIFER M. ROZZONI
United States Magistrate Judge