IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J.O.,

Plaintiff,

v. 1:23-cv-01021-KG-JMR

BOARD OF EDUCATION OF
ALBUQUERQUE PUBLIC SCHOOLS,
and DANNY ALDAZ,

Defendants.

**ORDER SETTING AMOUNT OF ATTORNEY'S FEES**

THIS MATTER comes before the Court on the Affidavit of Tomas J. Garcia Regarding Attorney's Fees, filed May 20, 2026. Doc. 342. The affidavit follows the Court's May 12, 2026, order granting in part and denying in part Defendant Board of Education of Albuquerque Public Schools' ("APS") Motion to Sanction Plaintiff for Violating the Court's Protective Order (Doc. 237) and awarding Defendant APS its attorneys' fees associated with that motion. Doc. 320. Plaintiff did not file any objections to the affidavit.

As set forth in the affidavit, Defendant APS seeks $6,540.37 in fees—$5,900.00 for work completed by Tomas J. Garcia, a shareholder attorney at the Modrall Sperling Law Firm, $177.00 for work completed by Celina C. Baca, an associate attorney at the same firm, and $463.37 in gross receipts taxes. Doc. 342, ¶¶ 2, 7-9; Doc. 342-1; *see also* https://www.modrall.com/attorney/tomas-j-garcia/ (last visited Sept. 29, 2026). Mr. Garcia requests compensation for 20.0 hours of work at $295/hour. Doc. 342-1. Ms. Baca requests compensation for 0.6 hours of work also at $295/hour. *Id*. After reviewing the affidavit and the applicable law, the Court awards Defendant APS $6,336.42 in fees and costs.

## I. Background

Defendant APS filed its Motion to Sanction Plaintiff for Violating the Court's Protective Order on February 17, 2026. Doc. 237. In its motion, Defendant APS requested that the Court "sanction Plaintiff for violating the Protective Order by prohibiting Plaintiff's experts from relying on or using any Confidential Information in rendering their opinion testimony in this case." *Id*. at 2. It further requested that the Court require Plaintiff's counsel "to pay APS's attorneys' fees and costs in connection with [the] Motion." *Id*. The motion was fully briefed, and included a supplement filed by Defendant APS. *See* Docs. 249, 273, 282. The Court held a hearing on the motion on May 7, 2026.[1] Doc. 319. At the hearing, the Court considered arguments from Plaintiff and Defendant APS. *Id.*

The Court granted in part and denied in part Defendant APS's motion. Doc. 320. While the Court did not prohibit Plaintiff's experts from relying on or using any of the Confidential Information that was inappropriately disclosed, it did require the experts and any other person to which the experts disclosed the Confidential Information to sign affidavits within two weeks of the Court's order. *Id*. at 1. The Court also formally admonished Plaintiff's counsel for their repeated failure to comply with the protective order. *Id*. at 2. Finally, it ordered Plaintiff's counsel to pay Defendant APS's attorneys' fees and costs related to the filing of its motion. *Id*.

Defendant APS filed its attorneys' fees and costs affidavit on May 20, 2026. Doc. 342. The filing consisted of a sworn affidavit from attorney Tomas J. Garcia and included as an exhibit an itemized accounting of the time and work that he argues was required to research, draft, and argue Defendant APS's Motion for Sanctions. *Id*. In his affidavit, Mr. Garcia explains

---

[1] The same day, the Court also held a hearing on Defendant APS's Motion for Sanctions for Plaintiff's Failure to Comply with Rule 26 Discovery Obligations and the Court's Scheduling Order (Doc. 244). *See* Doc. 319. The Court denied that motion. *See* Doc. 320.

that he has been practicing law in New Mexico since 2011, and that his associate, Ms. Baca, has practiced in New Mexico since 2021. *Id.* ¶ 3. Over the course of his practice, Mr. Garcia explains, he has "become familiar with the amount of time and expense that can go into civil rights and personal injury litigation." *Id.* ¶ 5. He also states that he has "become generally aware of the standard rates and/or amounts commonly charged for this type of work in New Mexico," and that the rates charged in this case are consistent with the same. *Id.* ¶¶ 5–6.

Mr. Garcia and Ms. Baca both have a billing rate of $295.00 per hour. *Id.* ¶ 2. Mr. Garcia asserts that he billed 20.0 hours and that Ms. Baca billed 0.6 hours in relation to the subject motion. Doc. 342-1. In total, Defendant APS seeks $6,540.37—$6,077.00 in attorneys' fees and $463.37 in gross receipts taxes.

Plaintiff does not dispute the amounts claimed by Defendant APS.

## II. Law Related to Reasonable Expenses and Fees

Rule 37(b)(2)(C)[2] of the Federal Rules of Civil Procedure provides that if a party fails to obey an order concerning discovery, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). Here, as noted at the hearing and in its order, Doc. 320, Plaintiff's counsel's failure was not substantially justified, nor do other circumstances make an award of fees unjust.

---

[2] The Court recognizes that its' Order on Motions for Sanctions (Doc. 320) cited Federal Rule of Civil Procedure 37(a)(5)(A) in relation to the payment of attorney's fees. Because this matter relates to Plaintiff's failure to comply with the Protective Order (Doc. 46), the proper statutory section is Rule 37(b)(2)(C). The change in statutory section does not alter the Court's order that Plaintiff's counsel pay Defendant APS its reasonable attorneys' fees and costs associated with the subject motion.

In arriving at a particular award, the court must independently analyze the reasonableness of requested attorney's fees. *See, e.g., Vargo v. EVO Transportation & Energy Servs., Inc.*, No. 1:24-cv-00301 SMD/LF, 2026 WL 1266158, at *1, 4 (D.N.M. May 8, 2026) (applying the "reasonableness" standard in the context of Rule 37(b)(2)(C)). To determine whether requested fees are reasonable in this context, the Court relies on the lodestar method, multiplying the hours counsel reasonably spent working on the subject motion by a reasonable hourly rate. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). The burden is on the applicant, in this case Defendant APS, to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks and citation omitted). The party requesting the fees must also provide evidence that supports the hours worked and the rates claimed. *Hensley v. Echerhart*, 461 U.S. 424, 437 (1983). The applicant for fees should keep "meticulous, contemporaneous, time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).

## III. Analysis

Defendant APS has provided support for both the hourly rate and the hours spent in connection with its Motion to Sanction Plaintiff for Violating the Court's Protective Order. Based on this Court's independent review, $6,336.42 is a reasonable fee award.

### A. Mr. Garcia's hourly rate is reasonable, though Ms. Baca's hourly rate will be reduced.

Mr. Garcia's requested hourly rate of $295.00 per hour is reasonable. The Court finds that $225.00 per hour is a more reasonable rate for Ms. Baca.

"To determine what constitutes a reasonable rate, the district court considers the

prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quotation and citation omitted). It is the burden of "the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (citing *Blum v. Stenson*, 465 U.S. 886 895 n.11 (1984)). "[I]f the district court does not have before it adequate evidence of prevailing market rates," the court may "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case*, 157 F.3d at 1257.

Defendant APS does not set forth examples of prevailing market rates in New Mexico for comparison, though Mr. Garcia does state that "[t]he hourly rates charged in this matter are consistent with customary rates charged by attorneys of the same experience and practice in New Mexico for this type of work." Doc. 342, ¶ 6. As such, the Court will use its own knowledge of prevailing market rates to determine the reasonableness of the rates sought here. *See Case*, 157 F.3d at 1257. Notably, Plaintiff does not dispute Defendant's requested rates.

Mr. Garcia, a practicing attorney in this district for approximately 15 years, billed his time at the hourly rate of $295.00. Doc. 342, ¶ 7. Judges in this district have approved similar billing rates, and higher, for attorneys with Mr. Garcia's level of experience. *See Baity v. Brad Hall & Assocs.*, No. 18-cv-0183 SCY/JHR, 2019 WL 2436262, at *2 (D.N.M. June 11, 2019) (awarding a rate of $300 an hour to a litigator with 16 years of experience); *Los Alamos Nat'l Bank, N.A. v. Fidelity Bank,* No. 18-cv-0613 KG/JHR, 2019 WL 4816692, at *5 (D.N.M. Oct. 1, 2019) (awarding hourly rate of $350.00 per hour for attorney with eleven years of experience); *Griego v. United States*, No. 16-cv-0475 JCH/SCY, 2018 WL 6727357, at *3 (D.N.M. Dec. 21, 2018) (finding that $350 per hour was a reasonable rate for an attorney with "roughly 17 years of

experience"); *XTO Energy, Inc. v. ATD, LLC*, No. 14-cv-1021 JB/SCY, 2016 WL 5376322, at *14 (D.N.M. Aug. 22, 2016) (finding that $350 per hour was a reasonable rate for a "very experienced partner" in a complex insurance action). As such, the Court finds that Mr. Garcia's requested hourly rate is reasonable.

Ms. Baca also billed her time at $295.00 per hour. Doc. 342, ¶ 2. Ms. Baca was licensed to practice law in 2021, meaning she had approximately four and a half years of experience as an attorney at the time the affidavit was filed. *Id.* ¶ 3. An hourly rate of $225 per hour is more consistent with the market rate for similarly situated attorneys in New Mexico. *See Martin v. City of Albuquerque*, No. 18-cv-0031 RB/JFR, 2020 WL 1139054, at *7 (D.N.M. Mar. 9, 2020) (awarding $225 per hour for associate with four years of experience and $175 per hour for associate with two years of experience); *Henderson v. BJ's Restaurant*, No. 19-cv-1002 KG/LF, 2020 WL 3064801, at *2 (D.N.M. June 9, 2020) (awarding $260.00 per hour for an eleven-year attorney and $185.00 per hour for a four-year attorney); *Gallup Med Flight, LLC v. Phoenix Ins. Co.*, No. 16-cv-01197 KG/KBM, 2018 WL 344956, at *3 (D.N.M. Jan. 9, 2018) (finding requested hourly rates of "$225 per hour for the first two months of service and $195 per month thereafter" for an associate with over six years of experience were reasonable); *XTO Energy, Inc.*, 2016 WL 5376322, at *14 (find that $200.00 per hour is reasonable "for a very good associate"). As such, the Court finds that $225 per hour is a more reasonable rate for Ms. Baca's work.

**B. The hours expended are reasonable with one small reduction.**

Having determined the reasonable hourly rates, this Court must also assess the reasonable number of hours spent in connection with Defendant APS's motion. The Court finds that Defendant APS expended a reasonable amount of time related to the subject motion with one

small reduction.

Multiple factors can be considered in assessing whether an attorney's fees are "reasonable." *See In re Mkt. Ctr. E. Retail Prop., Inc.*, 730 F.3d 1239, 1246–47 (10th Cir. 2013) (citing *Johnson v. Georgia Highway Exp., Inc*., 488 F.2d 714, 717–19 (5th Cir. 1974)). Courts are encouraged to scrutinize hours billed "much as a senior partner in a private firm would review the reports of subordinate attorneys when billing clients." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). Additionally, "[h]aving multiple attorneys write and revise on a motion is not inherently duplicative." *City of Las Cruces v. Lofts at Alameda, LLC*, No. 17-cv-809 JCH/GBW, 2022 WL 2753994, at *7 (D.N.M. July 14, 2022) (citing *Fox v. Pittsburgh State Univ*., 258 F. Supp. 3d 1243, 1257 (D. Kan. 2017) ("As most attorneys know, the drafting process and editing process for legal writing are different.")).

The subject motion was ten pages in length and took 5.8 hours to draft. *See* Docs. 237; Doc. 342-1. It included a roughly four-page recitation of the case background and the events that led to the filing of the motion. *See* Doc. 237 at 2–5. The remaining pages of the motion included legal argument supporting the request for sanctions. *Id*. at 5–9. The motion also included eighty-six pages of exhibits. *See* Docs. 237-1 to -8. The reply brief was ten pages long and included another nineteen pages of exhibits. *See* Doc. 282; Docs. 282-1 to -5. The reply focused primarily on legal and factual arguments in response to Plaintiff's response. *Id.* The reply brief required 7.9 hours to prepare, which included 0.6 of an hour for Ms. Baca's review. *See* Doc. 342-1. Finally, Mr. Garcia spent 0.4 of an hour to draft and file a short, two-page supplement with an attached expert deposition that wasn't available when Defendant APS filed its original motion. *See* Doc. 273; Doc. 273-1. Mr. Garcia then spent 4.7 hours preparing for the hearing on the motion, another 1.5 hours at the motion hearing, and another 0.3 of an hour on miscellaneous work

related to the subject motion. *See* Doc. 342-1.

In total, Defendant APS's counsel asserts that they spent a combined 20.6 hours on the motion for sanctions. Doc. 342-1. The Court finds that a slight reduction of 0.5 hours is warranted, as the motion hearing addressed two motions and Mr. Garcia's affidavit seeks the total time for the hearing. With this reduction, the revised total amount of time is 20.1 hours, which the Court finds is reasonable. *Compare with Rivera-Cordero v. Mgmt. & Training Corp.*, No. 20-cv-1106 KWR/GBW, 2022 WL 59401, at *2 (D.N.M. Jan. 6, 2022) (finding that 16.5 hours was a reasonable amount of time to spend on a motion to compel discovery); *Miller v. Paschall Truck Lines, LLC*, No. 20-cv-0303 GBW/SCY, 2021 WL 919868, at *2 (D.N.M. Mar. 10, 2021) (same for 8.5 hours); *Env't Dimensions, Inc. v. Energysolutions Gov't Grp., Inc.*, No. 16-cv-1056 WJ/JHR, 2018 WL 3210007, at *4 (D.N.M. June 28, 2018) (same for 14.8 hours); *Martinez v. Salazar*, No. 14-cv-534 KG/WPL, 2015 WL 13638321, at *2 (D.N.M. June 23, 2015) (same for 18.2 hours); *Pistone v. New Mexico Pub. Def. Dep't*, No. 13-cv-0920 MV/SMV, 2015 WL 13666991, at *2 (D.N.M. Feb. 25, 2015) (same for 4.9 hours).

**C. Gross Receipts Tax**

Defendant APS includes as part of its claim the gross receipt tax on the fees associated with the filing of its motion. The Court will award these costs, as well.

To begin, taxes on gross receipts are not taxable costs, nor are they attorney's fees. *Shaw v. United States*, No. 17-cv-0147 JB/LF, 2018 WL 3598513, at *7 (D.N.M. July 26, 2018). Further, though, generally speaking, a court may award gross receipts tax on attorney's fees for a prevailing party. *Herrera v. First Northern Savings & Loan Association*, 805 F.2d 896, 902 (10th Cir. 1986) (because gross receipts tax is a cost to the prevailing party, it should be assessed against the non-prevailing side).

The gross receipts tax rate for Albuquerque, New Mexico is 7.625%. *See GRT Location Code and Rate Finder Map*, https://www.tax.newmexico.gov/governments/gross-receipts-location-code-and-tax-rate-map/ (last visited September 30, 2026). Thus, an additional 7.625% in costs will be awarded in addition to the final attorneys' fee award.

**D. The Final Award**[3]

Having determined the reasonable hourly rates for each of the attorneys who worked on this matter, as well as the reasonable number of hours worked, the Court awards Defendant APS reasonable attorney's fees as follows:

| Attorney | Total Hours | Hourly Rate | Total Fees |
|---|---|---|---|
| **Tomas J. Garcia** | 19.5 | $295.00 | $5,752.50 |
| **Celina C. Baca** | 0.6 | $225.00 | $135.00 |
| **Gross receipts tax -7.625%** | | | $448.92 |
| | | **Total** | **$6,336.42** |

The Court awards Defendant APS reasonable attorneys' fees in the sum of **$6,336.42**. Plaintiff's counsel is ordered to tender this sum to Defendant APS in full within forty-five (45) days of this Order, absent a written motion showing good cause for an extension of time.

JENNIFER M. ROZZONI
United States Magistrate Judge

[3] In its Order granting in part and denying in part the subject motion, the Court held open the narrow issue of awarding Defendant APS other monetary sanctions, in addition to fees and costs. Doc. 320 at 2. After further reflection, the Court will not award any additional monetary sanctions.