**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

J.O.,

Plaintiff,

v. No. 1:23-cv-01021-KG-JMR

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS and DANNY ALDAZ,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Albuquerque Public Schools' ("APS") First and Second Motions for Rule 11 Sanctions ("Rule 11 Motions.") Docs. 277; 350. Plaintiff has responded to each motion, Docs. 306; 354, and APS has replied, Docs. 321; 356. Defendant Aldaz joins both Rule 11 Motions. Docs. 305; 353. Having considered the Rule 11 Motions and the accompanying briefing, the Court denies both motions.

***I. Background***

APS's Rule 11 Motions arise from inaccurate statements made by Plaintiff's counsel in the Amended Complaint and in Plaintiff's Response in Opposition to APS's Motion for Summary Judgment on Plaintiff's Claim under the New Mexico Tort Claims Act (the "Response"). Plaintiff's statements are based on a March 9, 2021, whistleblower complaint filed in a separate action which accuses Defendant Aldaz of having an unidentified "student on his lap and his hands under her shirt." ("Whistleblower Complaint") Doc. 277-2. Relying on the Whistleblower Complaint, Plaintiff's counsel wrote "teachers at Helen Cordero were aware that Defendant Aldaz was acting inappropriately with students, as one teacher was informed by a young family member who attended the school that she saw Aldaz with a student (presumably,

J.O.) on his lap with his hands down the student's skirt." Doc. 241 ¶ 59. Plaintiff's counsel replaced "shirt" with "skirt" in both the Amended Complaint, *id.*, and in the Response, Doc. 291.

After Plaintiff filed her Amended Complaint, counsel for APS, following Rule 11(c)(2), served on Plaintiff the first Rule 11 Motion. Doc. 257. APS argued that paragraph 59 of the Amended Complaint and the argument in the Response both violate Rule 11 because they lack a factual basis. Doc. 277. Specifically, APS argued that the Whistleblower Complaint does not support the allegation "that Aldaz was seen by anyone with a student on his lap and his hands down a student's skirt." Doc. 350 at 4; *see also* Doc. 277 at 3-6. APS also asserted that the Whistleblower Complaint is hearsay and therefore is not a sufficient basis for Plaintiff's statements. Doc. 356 at 6. Plaintiff's counsel opposed the first Rule 11 Motion and accused APS of trying to "sanction its way out of liability." Doc. 306 at 2.

Plaintiff's counsel also represented to the Court that "Plaintiff has put forth evidence–produced by APS–to support her allegation that Aldaz was seen with a student on his lap with his hands down her skirt." Doc. 291 at 36 n.5. Plaintiff's counsel cited the Whistleblower Complaint in support of this argument. Doc. 354-1. In response, APS filed a second Rule 11 Motion raising the same arguments as its first Rule 11 Motion. Doc. 340.

After service of the second Rule 11 Motion, Plaintiff's counsel filed a Notice of Errata correcting the discrepancy between "shirt" and "skirt." Doc. 341. The Notice of Errata states that "[u]pon closer examination of the language in paragraph 59 of the Amended Complaint, Plaintiff identified a typo in the paragraph." *Id.* at 2. In response to the second Rule 11 Motion, Plaintiff argues that the Whistleblower Complaint provides a sufficient factual basis for the allegation in the Amended Complaint and the argument in the Response because, apart from the typo, the details are correct. Doc. 354 at 4–5.

## *II. Legal Standard*

"In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991). "The central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts. Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay." *Collins v. Daniels*, 916 F.3d 1302, 1322–23 (10th Cir. 2019) (citation modified).

## *III. Analysis*

Although the Court is concerned about Plaintiff counsel's lack of attention to detail, the Court is unpersuaded by APS's argument that counsel's carelessness rises to a violation of Rule 11.

APS's argument that the Whistleblower Complaint does not provide a factual basis for "the contention that Aldaz was seen by anyone with a student on his lap and his hands down a student's skirt" is contradicted by the Whistleblower Complaint. Doc. 350 at 4. The Whistleblower Complaint states that a child told an adult that they saw "Danny with another student on his lap and his hands under her shirt." Doc. 354-1. The Whistleblower Complaint also makes clear that the "Danny" referenced is Defendant Aldaz. *Id.* ("[R]etired teachers were sitting around drinking discussing another teacher that they suspected was inappropriately touching students. That teacher happened to be Danny Aldaz."). APS is, however, correct that the word "shirt" was replaced by the word "skirt" in both filings that Plaintiff's counsel submitted to the Court. Plaintiff's counsel corrected this error in a Notice of Errata. Doc. 341.

APS also argues that the Whistleblower Complaint says nothing about the Plaintiff and therefore the allegation that the student identified in the Whistleblower Complaint was J.O. is without a factual basis. Doc 277 at 4–5. Plaintiff responds that it qualified its allegation in the Amended Complaint by saying "presumably J.O." and that J.O. is the only person to have come forward from the period identified in the Whistleblower Complaint. Doc. 306 at 5–6. To be sure, the Whistleblower Complaint does not name the Plaintiff. Even so, Rule 11 allows the use of circumstantial evidence in support of factual contentions. *Lucas v. Duncan*, 574 F.3d 772, 777 (D.C. Cir. 2009) (holding in the Rule 11 context that "[i]nferences—which are commonly described as circumstantial evidence—are as capable of providing evidentiary support as facts—which are commonly described as direct evidence"). A reasonable attorney, when drafting pleadings, could draw the inference that this Whistleblower Complaint refers to the Plaintiff.

In its Reply in Support of its Second Motion for Sanctions, APS raises—for the first time—that the Whistleblower Complaint is inadmissible evidence. Doc. 356 at 6. As a result, APS contends that Plaintiff's reliance on it is a violation of Rule 11. *Id.* The Court need not consider arguments made for the first time in a reply. *See LaValley v. Univ. of N. M. Bd. of Regents*, 2016 WL 9447760, at *6 (D.N.M. Aug. 22, 2016) (collecting cases). However, even if the Court was to consider APS's argument that the Whistleblower Complaint must be admissible to satisfy Rule 11, APS cites no authority in support of this argument, and the Court found no authority to support this argument. Indeed, other district courts have said the opposite. *See Kristiansen v. Aldaoud*, 2023 WL 4031964, at *5 (D. Ariz. June 15, 2023) (collecting cases); *see also id*. ("Although an attorney has a duty prior to filing a complaint to conduct a reasonable factual investigation, a plaintiff is only required to plead facts at the pleading stage, not produce admissible evidence."). The admissibility of the Whistleblower Complaint is best resolved on a

motion in limine or through objections at trial, not Rule 11. Plaintiff's misstatements do not rise to the level of Rule 11 violations. The Court, therefore, declines to impose sanctions on either Plaintiff or Plaintiff's counsel.[1]

### *IV. Conclusion*

For the reasons set forth above the Court denies APS's First and Second Motions for Rule 11 Sanctions. Docs. 277; 350.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

[1]The Court, however, is concerned about the pattern of inattention to detail by Plaintiff's counsel. The Court reminds Plaintiff's counsel of their obligation to their clients to advocate diligently and competently. As well, "[t]he court is entitled to expect a reasonable level of competence and care on the part of the attorneys who appear before it." *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). Attorneys "must stop, look, and listen before signing a document subject to Rule 11." *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988) (citation modified). Similar future conduct may result in sanctions.